UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND JONES and MINNIE
JONES,

                             Plaintiffs,     CIVIL CASE NO. 07-14398

v.

HEARTLAND HOME FINANCE, INC.,
et al.,

                             HONORABLE STEPHEN J. MURPHY, III
                             U.S. DISTRICT COURT

                             Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL

### I. Introduction

Before the Court is the Defendants' motion for dismissal, filed on April 29, 2008. In their motion, the Defendants argue that this case should be dismissed because the Plaintiffs have failed to state a claim upon which relief can be granted and because the Defendants are entitled to summary judgment as a matter of law. The Court has reviewed all the materials submitted by the parties and has determined that oral arguments on the motion are unnecessary. Pursuant to E.D. Mich. Local R. 7.1(e)(2), the Court orders that the motion be resolved without oral arguments. For the reasons below, the Court grants the Defendants' motion and dismisses this case.

### II. Background

This case arises out of a foreclosure and eviction proceeding of property located at 11303 Patton, in Detroit, Michigan. The Plaintiffs Raymond and Minnie Jones took out a mortgage with the Defendant Heartland Home Finance, Inc., in order to purchase the

11303 Patton property. *See* Exh. A, Motion for Dismissal (Apr. 29, 2009) [docket entry #21]. The Plaintiffs defaulted on their mortgage and foreclosure proceedings began. On January 3, 2007, a Sheriff's Sale occurred, and the property was conveyed to the Defendant Wells Fargo Bank by a Sheriff's Deed. *See id.*, Exh. E. A six month redemption period expired on July 3, 2007 without a redemption. Eviction proceedings began against the Plaintiffs in the 36th District Court for the State of Michigan. Represented by counsel, Plaintiffs opposed the eviction in the state court by alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See id.*, Exh. F. After the Plaintiffs failed to appear for trial, a Judgment of Possession was awarded to Wells Fargo Bank. *See id.*, Exh. G. The Plaintiffs then filed an appeal to the Wayne County Circuit Court, but the appeal was later dismissed for failure to comply with appeal procedure. *See id.*, Exh. H.

Plaintiffs filed the current case in this Court with the aid of counsel, Mr. Che Karega, on October 16, 2007. In the complaint, the Plaintiffs alleged violations of the FDCPA and the Michigan Collection Practices Act, M.C.L. § 339.901 *et seq.* On November 19, 2007, the Court dismissed without prejudice all state law claims and retained only the federal law claims. *See* Order of Partial Dismissal (Nov. 19, 2007) [docket entry #11].

The Defendants filed the current motion seeking dismissal of the Plaintiffs' claims. Though the Plaintiffs are represented by counsel, the Plaintiffs submitted a response to the Defendants' motion on their own without the aid of counsel. For reasons unknown to the Court, Plaintiffs' counsel Mr. Karega did not file a response on behalf of his clients. The Defendants then filed a reply to the Plaintiffs' response.

## III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In the complaint, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1974 (2007). When conducting a review pursuant to Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Id.* at 1965. Although the pleading standard is liberal, bare assertions of legal conclusions and unwarranted factual inferences will not enable a complaint to survive a motion to dismiss pursuant to Rule 12(b)(6). *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

## IV. Analysis

The Court first notes that although parties may conduct their own cases personally or by counsel, *see* 28 U.S.C. § 1654, generally parties do not have a constitutional or other right to conduct their case both *pro se* and with the aid of counsel. *Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958), *cert. denied* 358 U.S. 867 (1958). Here, the Plaintiffs personally submitted their response to the Defendants' motion to dismiss without the aid of Mr. Karega, even though Mr. Karega was and continues to be counsel of record. Nevertheless, the Court has accepted and reviewed the Plaintiffs' response to the Defendants' motion to dismiss.

After a review of the entire record, the Court concludes that the Plaintiffs have failed to state a claim upon which relief can be granted. In their complaint, the Plaintiffs'

allegations of FDCPA violations consist of the bare assertions that the Plaintiffs dispute their debt and that the Defendants are thereby prohibited from taking any further legal action.  *See* Complaint (Oct. 16, 2007) [docket entry #1].  The complaint does not contain any specific allegations of wrongdoing on the part of the Defendants.  Furthermore, the FDCPA applies to debt collectors.  *See* 15 U.S.C. § 1692(a)(6).  Here, there are no allegations that any one of the Defendants are a debt collector.  The Plaintiffs' bare assertions do not state a claim to relief "that is plausible on its face."  *Bell Atlantic Corp.*, 127 S.Ct. at 1974.

In addition, the *Rooker-Feldman* doctrine precludes this Court from considering the Plaintiffs' claims.  The *Rooker-Feldman* doctrine states that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."  *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)).  After reviewing the complaint, the Court concludes that the Plaintiffs' case is an attempt to attack the state court Judgment of Possession.  *See* Exh. G, Motion for Dismissal (Apr. 29, 2009) [docket entry #21].  The Plaintiffs are therefore asking this Court to review a case litigated and decided in state court.  The *Rooker-Feldman* doctrine prohibits this Court from conducting such a review.  Consequently, this Court lacks jurisdiction and the Plaintiffs have failed to state a claim upon which relief can be granted.

## IV. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Defendants' motion for dismissal [docket entry #21] is GRANTED.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 07-14398, is **DISMISSED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: October 10, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 10, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager